## UNDERWOOD VS. RILEY.

A. executed to B. a note and mortgage for $1370, payable in ten years with interest. Afterwards, B. having an action pending against him to foreclose a mortgage executed by him to C., and there being also an action pending by C. to foreclose A.'s mortgage, which had been assigned to C. as collateral security for B.'s debt, A. and B. entered into an agreement by which the latter agreed to receive from the former $600 in six equal annual payments without interest, in full satisfaction and discharge of the first mentioned mortgage, on condition that A. should defend the action of C. against B. and save B. harmless from all "costs, charges, fees, judgments and damages" therein. *Held*, that the agreement was champertous and void.

Even if the agreement were valid, yet if A. afterwards refused or neglected to save B. harmless from a judgment rendered against him in favor of C. in his said action, such agreement could not be set up in bar of a suit by B. upon A.'s note and mortgage.

Where a judgment in foreclosure, otherwise correct, was erroneous as to the amount, by reason of a failure of the referee for computation to allow an item of credit admitted by the plaintiff, the cause was remanded with directions to the court below to make the proper modification of the judgment.

APPEAL from the Circuit Court for *Milwaukee* County.

Foreclosure of a mortgage executed by *Riley* to *Underwood*, December 3d, 1858, on the "east 40 acres of the south 100 rods of the south-west quarter of section 20, township 7 N., range 21 E.," to secure a note of same date for $1370, payable in ten years with interest. The answer alleges that after the execution of the mortgage, plaintiff and defendant entered into an agreement, which, after reciting the execution of the mortgage in suit, and also the execution by said *Underwood* to one Merrick, January 31st, 1860, of a mortgage on the south 110 rods of the same quarter section, except the premises covered by said mortgage of *Riley*, proceeds as follows : "Now this agreement witnesseth that said *Underwood* hereby agrees to receive from said *Riley* the sum of $600 in six annual payments of $100 each, without interest, the said payments to be made on or before the 15th of November in each year, in full satisfaction and discharge of the said mortgage of *Riley* to *Underwood*, provided said *Riley* shall defend a certain action now

pending and at issue in the circuit court for the county of Milwaukee, to foreclose the mortgage of *Underwood* to said Merrick, * * * and hold said *Underwood* harmless from all costs, charges, fees, judgments and damages which may grow out of said foreclosure proceedings.   And said *Riley*, in consideration of said agreement, hereby agrees to pay to said *Underwood* said sum of $600 at the times aforesaid, and at his own cost and charge defend said foreclosure proceedings; and in case judgment of foreclosure shall be rendered therein, he covenants to pay and discharge the same." The answer further alleges part performance of the agreement on defendant's part, and his readiness, at all times after it was made, to fully perform the same, and that in violation of said agreement, before any judgment was rendered in the foreclosure action of Merrick against *Underwood*, the latter paid the note and mortgage on which said action was brought, thus preventing defendant from further performance of his covenants as to defending said foreclosure proceedings.   Defendant thereupon insists upon the above agreement as an accord and satisfaction, and as a bar to this action.

On the trial, the defendant proved the execution of the above stated agreement, and read the same in evidence.   As a witness in his own behalf, he testified that he paid the attorneys for Merrick in the case of Merrick v. Underwood, $126.42 for *Underwood*, pursuant to said agreement; that he had paid all he had been called upon to pay; and that he had tendered to the plaintiff the amount of the first installment due under said agreement.   On cross-examination he said that he never was called on to pay the full amount of the Merrick mortgage; that *Underwood* told him if he would pay the full amount of the Merrick judgment he (*Underwood*) would give him back the land; that witness did not tell *Underwood* he had not the money and was not able to pay and should not.   *Question:* "After *Underwood* was obliged to pay up the Merrick mortgage, did he not call upon you to pay him back all he had been

obliged to pay?" *Answer:* "No." Defendant objected to all the questions asked on his cross-examination as irrelevant. The record in Merrick v. Underwood was introduced in evidence, from which it appeared that the judge had filed an interlocutory order therein, that the plaintiff in that cause, Merrick, might prepare a finding and take a judgment for the amount of the note and mortgage due him. It appeared further from evidence introduced by the plaintiff herein, that no final judgment had been entered in the cause, the amount for which judgment was ordered having been paid by *Underwood* some time after said order was made, upon which Merrick executed to *Underwood* a satisfaction of the mortgage. It was admitted by the plaintiff that the note and mortgage here in suit had been assigned to Merrick as collateral security to his (Merrick's) claim against plaintiff, and were re-assigned to the latter on his paying up the amount of that claim after said order for judgment, and also paying the costs in a suit which Merrick had commenced against *Riley* upon the note and mortgage upon which the present action was brought. As a witness in his own behalf, plaintiff was asked: "What do you say about being obliged to pay that Merrick judgment?" Objection by defendant overruled. *Answer:* "I went to *Riley* to know whether he would comply with the contract; he said he would not pay the judgment." On cross-examination he said: "I went to Wauwatosa to get him to make a deed of the land [covered by the mortgage in suit.] At the first conversation *Riley* said he would make me a deed of the land; that the [Merrick] suit had not come out as he expected, and he would rather give up the land; that he could not raise so much money, and did not intend to try. I went the second time to get the deed; he told me he wouldn't let me have it unless I would let him have the land a year, or give him a hundred dollars." *Riley*, being recalled, testified: "I never told *Underwood* that I could not comply with the agreement. I never thought of conveying the land back to him for the mort-

gage." Plaintiff admitted that defendant had paid $150 on the note in suit prior to the making of the agreement above stated.

The circuit judge found.for the plaintiff; and on a reference for computation, the referee allowed the defendant the amount paid by him to the attorneys of Merrick as above stated, but did not make any allowance for the $150 admitted to have been previously paid; and judgment of foreclosure &c. was entered in accordance with the report; from which *Riley* appealed.

*Buttrick & Hill*, for appellant, argued that the agreement set up in the answer was not champertous, because *Riley* was interested in the conduct of the defense to .the foreclosure action against *Underwood* on the ground of usury and fraud, since the success of that defense would also constitute a defense to the foreclosure suit brought by Merrick against himself. *Thallhimer v. Brinckerhoff*, 3 Cow., 647; *Findon v. Parker*, 11 M. & W., 675; *Call v. Calef*, 13 Met., 362. 2. If the contract was valid, the plaintiff should have sued upon it in case there was a breach of it. *Babcock v. Hawkins*, 23 Vt., 563; *Good v. Cheesman*, 2.B. and Ad., 329; *Coit v. Houston*, 3 Johns. Cas., 245.

*Jas. H. Paine & Son*, for respondent, to the point that an accord without satisfaction was no bar to the action, cited *Watkinson v. Inglesby*, 5 Johns., 386; *Latapee v. Pecholier*, 2 Wash. C. C., 180; *Russell v. Lytle*, 6 Wend., 390; *Ballard v. Noaks*, 2 Pike, 45; *Brooklyn Bk. v. De Grauw*, 23 Wend., 342. An accord and satisfaction, to be a bar to the original demand, must be perfect, complete and executed. 9 R., 79, b; 5 Term, 141. Satisfaction must be made to the *whole* of the original demand. 1 Taunt., 526; 5 East, 230. The substituted agreement must be accepted in satisfaction. *Gabriel v. Dresser*, 80 Eng. Com. Law, 620. Part performance and tender of the residue of agreement by way of accord, is bad. *Ibid.* Tender and refusal is not enough. *Clark v. Dinsmore*, 5 N. H., 136.

Underwood vs. Riley.

*By the Court,* COLE, J. There are several difficulties with the appellant's defense. In the first place we think it very clear that the agreement relied on in the answer was tainted with maintenance and champerty, and was consequently void. The counsel for the respondent, however, does not attack the contract upon any such ground. He insists that the appellant cannot claim any advantage from the contract even if valid, because he has not performed it according to its terms. The decided weight of testimony sustains this position. *Riley* did not pay up and discharge the judgment of foreclosure rendered on the Merrick mortgage, as he agreed to do. He states, it is true, that he was never called upon to pay the judgment, and that he has never told *Underwood* that he could not comply with the agreement. His testimony is strongly overborne by the conflicting statements of the other witnesses, who swear that he said, when called upon to arrange the matter, that he could not raise the money to discharge this judgment, and did not intend to try to raise it. So if the appellant was able to show that the agreement was not champertous, he must fail in his defense, because he does not show performance of it. It was admitted by the plaintiff on the trial, that $150 had been paid on the note and mortgage prior to the making of the agreement mentioned in the answer. The defendant was not credited with the amount of this payment, as he should have been. The judgment of the circuit court must therefore be modified so as to give him the benefit of this payment thus admitted to have been made. In other respects it is right and must be affirmed.

Judgment modified accordingly.